In re Patricia PRICE, Debtor.

Patricia PRICE, Plaintiff,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 79–00390(1).

United States Bankruptcy Court, D. Hawaii.

Jan. 14, 1980.

James T. Leavitt, Jr., Honolulu, Hawaii, for debtor.

Walter M. Heen, U. S. Atty., Honolulu, Hawaii, for United States.

## ORDER RE: STUDENT LOAN DEBT

JON J. CHINEN, Bankruptcy Judge.

The issue before this Court is whether or not the student educational loans, all of which were federally insured, should be discharged. A hearing was held on January 9, 1980. Based on the evidence adduced, arguments of counsel and the records herein, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. Patricia Price, hereafter "Bankrupt", filed her Voluntary Petition for Bankruptcy on February 17, 1979.

2. In her schedules, Bankrupt listed liabilities in the amount of $23,807.00 and property in the amount of $430.00. Among the liabilities, federally insured student educational loans totalled approximately $17,000.00.

3. On December 26, 1979, Bankrupt filed a Complaint To Discharge Student Loan Debts. A hearing was held on January 9, 1980.

4. The Bankrupt is living together with four (4) children. Three of these children attend private schools. Although on partial scholarships the tuition for these three (3) children total $2700.00 a year. The Bankrupt plans to continue the children in private schools.

5. The Bankrupt is able bodied and gainfully employed. Her take home pay is $850.00 a month, and the children work on a part-time basis and contribute to the family expenses.

6. The Bankrupt used the proceeds from the educational loan not only strictly for her education, but also for living expenses for herself and her children while she was attending school.

7. The last fund from the educational loan was received by Bankrupt at the beginning of the Spring Semester of 1978.

### CONCLUSIONS OF LAW

1. Section 439A of the Higher Education Act of 1965 (20 U.S.C. Sec. 1087–3) provides that normally there is a 5-year waiting period which must transpire before the educational loans can be discharged. However, if the Bankruptcy Court determines that the payments of those debts from the future income of the Bankrupt would impose a hardship on the Bankrupt, the Court may discharge said debts before the 5-year expires.

2. If the Bankrupt were ill or otherwise incapacitated, this Court finds justification to discharge the educational loan debts.

3. However, where the Bankrupt is able-bodied and gainfully employed, it is her responsibility to budget her income and that of her family to stay within her income, while paying her obligations.

4. The Court finds that, where Bankrupt sends her three children to private schools and incur additional expenses, any hardship to her and her family is brought about by choice, not by circumstances beyond her control.

5. Since the Bankrupt and her family can readjust their living to be within their income without any hardship, the Court hereby denies the dischargeability of these federally insured educational loan debts.